IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GORMIDOU Y. LAVELA,

                    Plaintiff,

  v.                                            OPINION and ORDER

AARON M. PELOQUIN,                        23-cv-481-jdp

                    Defendant.

---

Pro se plaintiff Gormidou Y. Lavela alleges claims under the Fair Housing Act and state law against defendant Aaron M. Peloquin based on Peloquin's alleged racial harassment. Because Lavela proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915A(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Lavela's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim but allowed Lavela to file an amended complaint to fix this problem.

ALLEGATIONS OF FACT

Lavela, a black man, resides at the Romeis Apartments in Chippewa Falls, Wisconsin. Peloquin, a white man, is a private citizen who resides at Romeis.

On March 13, 2023, Peloquin "verbally assaulted" Lavela because Lavela parked on a city street, using language that included "expletives and invective" without "justifiable reasons." Lavela complained to management at Romeis, who told him that they hoped it was an isolated

incident and that they would keep his complaint on file. Management did not, as Lavela requested, verbally reprimand Peloquin. Management's failure to do this, Lavela adds, has emboldened Peloquin "to continue this pattern and practice of racial harassment . . . without cause."

On June 15, 2023, Peloquin asked Lavela why Lavela was always staring at him. Lavela responded that he could look wherever he wanted. Peloquin took an aggressive posture and threatened to attack Lavela, who dared him to do that. Peloquin entered the rental office and complained to Mark (a property manager) about Lavela. Peloquin continued to threaten Lavela, who continued to dare him to assault him and promised to defend himself.

## ANALYSIS

**A. Fair Housing Act**

A private citizen's pattern of racial harassment against another resident states a claim under the Fair Housing Act (FHA), 42 U.S.C. § 3617. *See Halprin v. Prairie Single Fam. Homes of Dearborn Park Ass'n*, 388 F.3d 327, 330 (7th Cir. 2004); *cf. Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 467–68 (7th Cir. 2016). "But the [FHA] does not reach 'isolated acts of discrimination by other private property owners.'" *Sheikh v. Rabin*, 565 F. App'x 512, 518 (7th Cir. 2014) (quoting *Block v. Frischholz*, 587 F.3d 771, 780 (2009)); *see also Halprin*, 388 F.3d at 330 ("[A] simple quarrel between two neighbors or [an] isolated act of harassment committed by the landlord does not state a claim [under § 3617]."); *Sheikh*, 565 F. App'x at 519 (affirming dismissal of claim under § 3617 because plaintiff failed to "allege more than isolated acts of discrimination"); *Walton v. Claybridge Homeowners Ass'n, Inc.*, 191 F. App'x 446, 451–52 (7th Cir. 2006).

Lavela's allegations do not suggest that Peloquin engaged in a pattern of racial harassment. Lavela describes two disputes with Peloquin. Lavela does not allege that Peloquin spoke "explicitly about race" during either, and "the substance of [Peloquin's] alleged actions[]" alone fails to suggest that Lavela's race motivated them. *See Sheikh*, 565 F. App'x at 519; *E.-Miller v. Lake Cnty. Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005). The alleged fact that Lavela was the only black resident at Romeis does not, by itself, suggest Peloquin's conduct was racially motivated. The complaint contains some express allegations of racial harassment, but they are speculative and amount to "legal conclusion[s] couched as [] factual allegation[s]." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). I will not allow Lavela to proceed on a claim under § 3617.

Lavela alleges a claim under 42 U.S.C. § 3631. I will not allow him to proceed under § 3631 because it is "a criminal statute that does not provide a private cause of action." *Peterson v. Cuene*, No. 17-C-151, 2017 WL 5891321, at *1 (E.D. Wis. Feb. 3, 2017); *Batchelor v. Vill. of Evergreen Park*, No. 03 C 5337, 2004 WL 756193, at *1 (N.D. Ill. Feb. 24, 2004).

**B. Allegations against management**

If Lavela seeks to proceed against Mark or any other members of management at Romeis, I will not allow him to do this because he failed to name them (or any other individuals or entities apart from Peloquin) as defendants in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). In any case, Lavela cannot proceed against them in this case because he sued them based on substantially similar allegations in a separate case in this district, *Lavela v. Meridian Group, Inc. et al.*, 23-cv-482-jdp. *See Cooper v. Retrieval-Masters*

*Creditors Bureau*, Inc., 42 F.4th 688, 696–97 (7th Cir. 2022) (discussing rule against claim splitting).

I will not allow Lavela to proceed on his claims under state and municipal law because, when all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Lavela also fails to establish that this court could exercise federal diversity jurisdiction over the state-law claims because he alleges that he and Peloquin are both Wisconsin citizens.

**C. Conclusion**

I will allow Lavela to file an amended complaint that fixes the problems identified in this order. In drafting his amended complaint, Lavela should:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Lavela must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Lavela believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Gormidou Y. Lavela's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until October 26, 2023 to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered September 26, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge