IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GORMIDOU Y. LAVELA,

                  Plaintiff,

v.

AARON M. PELOQUIN,

                  Defendant.

ORDER

23-cv-481-jdp

---

Pro se plaintiff Gormidou Y. Lavela filed a complaint under the Fair Housing Act and state law against defendant Aaron M. Peloquin based on Peloquin's alleged racial harassment. I dismissed the complaint for failure to state a claim upon which relief may be granted but allowed Lavela to file an amended complaint to fix this problem.

I gave Lavela specific instructions to follow if he filed an amended complaint. I ordered Lavela to use the court's nonprisoner complaint form and allowed him to submit no more than five supplemental pages if he required more space to allege his claims. I instructed Lavela that the amended complaint would act as a complete substitute for the complaint and that the case would proceed on only the allegations made in it. I added that Lavela should omit legal arguments other than explaining what types of claims he wished to assert. I cautioned Lavela that if he failed to comply with my order, I could dismiss the case.

Lavela did not follow my instructions. He filed a 13-page amended complaint and did not use the court's nonprisoner complaint form. Further disregarding my order to amend, Lavela appears to incorporate his original complaint by reference into the amended complaint. Lavela has not explained why he failed to comply with my order to amend.

Lavela's complaint also fails to fix the problems with his racial harassment claim, which is the sole basis for federal jurisdiction. Lavela provides some factual allegations to support this claim, but they are substantively the same as those in the original complaint. *See* Dkt. 6 ¶¶ 13, 21–22, 25–26, 28, 32. Lavela continues to describe two encounters with Peloquin, but his description suggests that they were isolated disputes between neighbors, not part of a pattern of racial harassment by Peloquin intended to drive Lavela from his residence. As with the original complaint, the amended complaint contains some express allegations that the actions were racially motivated. But these allegations are conclusory; without specific factual allegations, the assertion of racial motivation is mere speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

I will dismiss this case with prejudice, which means that Lavela may not refile it in federal court. Lavela would have to pursue his Wisconsin-law causes of action, if at all, in state court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for failure to comply with a court order and failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment and mail plaintiff Gormidou Y. Lavela copies of this order and the judgment.

Entered November 16, 2023.

                                    BY THE COURT:

                                    /s/

                                    _____
                                    JAMES D. PETERSON
                                    District Judge